### No. 6406.

JOHN KLEIN & CO. vs. E. F. HERWIG, CHAIRMAN OF COMMITTEE.

An injunction, obtained at the instance and for the benefit of a private person, cannot be coupled with a *mandamus* in the name of the State upon the relation of the same person.

A *mandamus* will not issue to the chairman of a committee of either branch of the Legislature to compel him to issue certificates to witnesses for attendance before it, payable out of a contingent fund appropriated for the use of that committee, the issuing of certificates in excess of the appropriation having been expressly forbidden, when the record affords no means of ascertaining whether the fund has not already been exhausted, and when a discretion is given to those controlling the fund which is inconsistent with the use of the writ of *mandamus*.

APPEAL from the Superior District Court of New Orleans. HAWKINS, J.

*Ray* for Plaintiff and Appellants. *Walsh* for Defendant.

EGAN, J. This is an application by John Klein & Co. for a *writ of mandamus*, to compel Ernest F. Herwig, chairman of the Committee on Auditing and Supervising the Accounts of the Senate, to issue to witnesses named in relators' petition, and payable as alleged

Klein & Co. *vs.* Herwig.

therein to relators, certificates for attending as witnesses before the Committee on Outrages in the Parishes of East and West Feliciana, East Baton Rouge and St. Helena, amounting to the sum of $1,466.20; also for a *writ of injunction* against Herwig, chairman as aforesaid, enjoining and prohibiting him from disposing of so much of said fund as may be necessary to pay petitioners' claim, etc.

We know of no warrant and have been referred to no law which authorizes the suing out of the process of injunction at the instance and for the benefit of a private person in the same proceeding taken for a writ of *mandamus* which is sued out in the name of the State, at the relation of the firm provoking the proceeding. Act No. 19 of the session of 1876 appropriated seven thousand dollars as the Senate contingent fund, out of which, according to the plaintiff's allegations, and the resolution of that body, claims of the class alleged upon by plaintiff were to be paid. The third section of the act making the appropriation requires *the Committee* on Auditing and Supervising the Expenses of the Senate to issue when demanded *upon presentation* of the *proper evidence*, certificates against this fund; but expressly prohibits the issuance of certificates in *excess of the amount appropriated.*

The relator alleges that he fears that defendant Herwig, who is alleged to be chairman of that committee, is *about to pay out the fund* to others to the *exclusion of his claim.* This is a judicial allegation, in effect that the provision against the issuance of certificates in excess of the fund has been violated, and we have no means of ascertaining from the record in whose favor the one issue was made, before inquiry, it might be the plaintiff himself. The act makes it the duty of the *committee* to control the contingent fund. But whether it be the committee or its chairman, the provisions which have been stated show that they are to act upon evidence, of the sufficiency of which they are to judge, and that they are to determine when the limit is reached of necessity. The record affords us no means of deciding this question, and it is evident that the powers and the duties given involve a discretion in those controlling the contingent fund which is inconsistent with the use of *mandamus* to compel their performance or discharge. The judgment of the court below refused the peremptory *mandamus* prayed for, dissolved the injunction and dismissed the writ.

                                                    *Judgment affirmed.*